NO. 07-02-0125-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 22, 2002

_____

PAULINE PERALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A12226-9511; HONORABLE JACK R. MILLER, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Upon hearing evidence that appellant Pauline Perales had violated numerous conditions of her community supervision together with her plea of true to one of the allegations made by the State, the trial court revoked community supervision and assessed

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

punishment at two years confinement in a state jail facility and a $500 fine. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel asserts that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of her right to review the record and file a *pro se* brief if she desired to do so. Appellant filed a *pro se* brief and the State did not favor us with a brief.

A review of the record shows that on February 13, 1996, appellant plead guilty to the felony offense of unauthorized use of a motor vehicle and was sentenced to two years confinement and a $500 fine. However, the sentence was suspended and appellant was

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

placed on community supervision for five years. Three separate motions to revoke community supervision were filed by the State. After the first, the trial court found appellant in violation of the community supervision terms, but continued her on supervision. Following appellant's plea of true to the allegations contained in the State's second motion to revoke, the trial court extended the community supervision term to six years. The State's final motion to revoke community supervision was filed December 8, 1999, and heard by the trial court February 13, 2002. Appellant plead true to one of the allegations contained in the motion to revoke, and following the hearing, the trial court found appellant to be in violation of the community supervision terms and sentenced her to the original two year confinement term.

By the *Anders* brief, counsel presents one arguable issue, to-wit: whether the trial court had authority to extend appellant's community supervision longer than the original five year term. He argues the court did not have such authority, and therefore her community supervision term expired before the hearing on the motion to revoke, and the State did not demonstrate the due diligence required to apprehend appellant prior to the expiration of the community supervision term. However, after a discussion of the evidence and legal authorities, counsel concedes that no reversible error is presented.

Unauthorized use of a motor vehicle is a state jail felony. Tex. Pen. Code Ann. § 31.07 (Vernon 1994). Under article 42.12

3

> The minimum period of community supervision a judge may impose under this section is two years. The maximum period of community supervision a judge may impose under this section is five years, except that the judge may extend the maximum period of community supervision under this section to not more than 10 years.

TEX. CODE CRIM. PROC. ANN. art. 42.12, §15(b) (Vernon Supp. 2003). Therefore the trial court did have the authority to extend the community supervision term from five years to six because it did not exceed the maximum of ten years set forth in the Code. Because appellant's community supervision term had not expired at the time of her subsequent arrest and hearing, due diligence on the part of the State to place appellant under arrest was not an issue. Rodriguez v. State, 804 S.W.2d 516 (Tex.Cr.App. 1991).

By her *pro se* brief, appellant also argues her two year sentence is excessive. We disagree. Appellant's conviction for unauthorized use of a motor vehicle, a state jail felony, carries a penalty of 180 days to two years confinement. TEX. PEN. CODE ANN. § 12.35(a) (Vernon 1994). A trial court is vested with a great degree of discretion in imposing an appropriate sentence. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App. 1984) (en banc). Any punishment assessed within the range authorized by statute is not cruel and unusual and does not render the sentence excessive. Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978); Price v. State, 35 S.W.3d 136, 144 (Tex.App.–Waco 2000, pet. ref'd), citing McNew v. State, 608 S.W.2d 166, 174 (Tex.Cr.App. 1978).

Appellate review of a revocation order is limited to determining whether a trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984). In a

proceeding to revoke community supervision, the burden of proof is on the State to show by a preponderance of the evidence that the probationer has violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). Although one sufficient ground for revocation supports the trial court's order, Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

A written stipulation of evidence was signed by appellant. She entered a plea of true to one of the allegations contained in the State's motion to revoke. The trial court found that appellant's plea of true was freely, voluntarily, knowingly, and intelligently made. In addition to the plea of true to her failure to pay court costs and fines, evidence was also presented that she failed to report to her community supervision officer, failed to report a change of address, and failed to complete community service. Based on the record before this Court, we find the trial court acted within its discretion in revoking appellant's community supervision.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

6